UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE NAVARRO and CHATHAM MULLINS, *on behalf of themselves, and all others similarly situated, and the general public*, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC., and DOES 1 to 50, Inclusive,<br><br>Defendant. | Case No. 1:24-cv-00290-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO DISMISS |

Grace Navarro and Chatham Mullins commenced this action on March 8, 2024, against Walgreens Boots Alliance, Inc. Defendant then moved to dismiss this action for lack of standing and failure to state a claim (Doc. 13), and in support requested judicial notice of the Valisure Citizen Petition on Benzene in Benzoyl Peroxide Drug Products upon which Plaintiffs rely (Docs. 14, 14-1).[1] The Court referred the motion to the assigned magistrate judge for the preparation of findings and recommendations. (Doc. 26). The magistrate judge issued findings and recommendations that the motion to dismiss be granted. (Doc. 38). The Court served the findings and recommendations served on the parties and notified them that any objections to the findings and recommendations were to be filed within 14 days from the date of service. (*Id.* at 29). Plaintiffs filed timely objections. (Doc. 39). Defendant filed a response to Plaintiffs'

---

[1] The Court takes judicial notice as requested.

1   objections. (Doc. 40; *see* E.D. Cal. Local Rule 304(d)).

2   　　　As noted by the Magistrate Judge, Plaintiffs have standing to assert claims for economic
3   harm raised by the alleged risk of BPO degradation but fail sufficiently to do so. For example,
4   claims based on a theory of failure to warn/disclose BPO degradation risk are categorically
5   preempted by the Food, Drug, and Cosmetic Act (FDCA) including the OTC drug monograph
6   for topical acne drug products (Acne Monograph).[2] (*See* Doc. 38 at 3, citing Final Monograph,
7   56 FR 41008-01, 1991 WL 156981). Even if Plaintiffs could show standing to assert claims
8   alleging the sale of adulterated and misbranded product contaminated with benzene--based on
9   the theory Defendant failed to comply with state duties parallel to the FDCA including the Acne
10  Monograph and Current Good Manufacturing Practices (cGMP)--they fail sufficiently to do so.

11  　　　Plaintiffs' objections are not persuasive. Plaintiffs assert parallel state duties and third-
12  party free speech rights that assume benzene adulteration.  However, Plaintiffs have not made a
13  colorable showing the product they purchased from Defendant contained benzene due to a failure
14  to follow cGMP or otherwise.[3]

15  　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted
16  a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the
17  findings and recommendations are supported by the record and by proper analysis. Accordingly,
18  the Court ORDERS:

19  　　　1.　　The findings and recommendations (Doc. 38) issued on May 15, 2025, are
20  　　　　　　ADOPTED IN FULL.[4]
21  　　　2.　　The motion to dismiss pursuant to Rules 9(b) and 12(b)(6) is GRANTED with leave
22  　　　　　　to amend.

23  ///

---

[2] The Court observes the Plaintiffs purchased Defendant's product prior to the March 5, 2024, Valisure Citizen Petition on Benzene in Benzoyl Peroxide Drug Products.

[3] *See* n.2.

[4] The Court declines to adopt footnote 1 to the findings and recommendations (i.e. Doc. 38 at 4 n.1). It appears that this footnote is a "relic" from an order issued in a different case and does not apply here.

3. The motion to dismiss pursuant to Rule 12(b)(2) is DENIED.

IT IS SO ORDERED.

Dated: __**December 4, 2025**__

UNITED STATES DISTRICT JUDGE