# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GRACE NAVARRO, PAMELA GIARRIZZO, ALEXZANDER HUDSON and CHATHAM MULLINS, on behalf of themselves, and all others similarly situated, and the general public, et al.,,

Plaintiffs,

v.

WALGREENS BOOTS ALLIANCE, INC., and DOES 1 to 50, Inclusive,

Defendants.

Case No. 1:24-cv-00290-JLT-SAB

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Grace Navarro and Chatham Mullins began this consumer fraud class action on March 8, 2024, alleging economic harms caused by the sale of defendant's benzol peroxide ("BPO") acne treatment drug products. (Doc. 1).

As relevant here, on January 6, 2026, Grace Navarro, Pamela Giarrizzo, Alexzander Hudson, and Chatham Mullins filed the operative first amended class action complaint asserting independent state-law claims for unfair competition, false advertising, consumer protection violations, breach of express and implied warranties, and unjust enrichment. (Doc. 46-2).

On February 19, 2026, defendant moved to dismiss this proceeding for lack of standing and failure to state a claim, or alternatively for a stay of the proceeding pending FDA action. (Doc. 54 at 2 & n.1, citing Fed. R. Civ. P. 9(b), 12(b)(6)). The Court referred the motion to the

assigned magistrate judge for the preparation of findings and recommendations. (Doc. 55).

On August 13, 2026, the magistrate judge issued findings and recommendations granting in part and denying in part the motion to dismiss. (Doc. 69). That order informed the parties that they had fourteen days within which to object to the findings and recommendations. (*Id.* at 49). The parties were advised that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). On August 27, 2026, defendant filed objections. (Doc. 70). On September 10, 2026, plaintiffs filed a response to defendant's objections. (Doc. 71); *see* E.D. Cal. Local Rule 304(d)).

The Court agrees with the magistrate judge that the amended complaint's clarified and expanded allegations and incorporated regulatory pathways for monograph drugs including under 21 U.S.C. § 351(b) and noted persuasive authority, cure the pleading deficiencies that afflicted the original class action complaint and relief sought thereunder. Defendant's objections in these regards are unpersuasive. For example, defendant's rehashed argument and disagreement with the magistrate judge's instant analysis and findings are not a basis for objection. Neither is defendant's suggestion that the Court is somehow bound to its prior findings and recommendations notwithstanding its independent review of the amended complaint's superseding allegations and refined and expanded regulatory pathways including as to preemption, adulteration, misbranding, plausibility, and economic and equitable remedies. For example, defendant cannot object on law-of-the-case grounds. S*ee e.g., Askins v. U.S. Dep't of Homeland Sec*., 899 F.3d 1035, 1042 (9th Cir. 2018) (citing *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001)) ("The law of the case doctrine does not, however, bar a court from reconsidering its own orders before judgment is entered or the court is otherwise divested of jurisdiction over the order."); *see also* Fed. R. Civ. P. 8(d)).

The magistrate judge did not err in weighing the parties' respective proffer of persuasive authority. Furthermore, defendant's revisit of *Rutledge v. Walgreen Co.*, 182 F.4th 168 (2nd Cir. 2026), and reliance upon *Yousefzadeh v. Johnson & Johnson Consumer Inc.*, __ F.4th ___, 2026 WL 2192415 (2nd Cir. July 30, 2026) do not show the plaintiffs' alleged implementation of the

monograph and its incorporated regulatory pathways is preempted on the facts and circumstances of this case. Defendant's re-argument of *Monsanto Co. v. Durnell*, 609 U.S. ___, 146 S. Ct. 2001 (2026), a case the magistrate judge found inapposite, and *Brower v. Colgate-Palmolive Co*., 2026 WL 1831253, at *1 (S.D.N.Y. June 25, 2026), a case the magistrate judge found distinguishable and unpersuasive, continues to be unavailing. Relatedly, defendant fails to develop parallelism into any cogent argument or objection.[1]

The magistrate judge did not err in finding the false advertising allegations directed to defendant's BPO product labeling to be factual, plausible, and not preempted except as to the label "Walgreen's Pharmacist Recommended" which is mere opinion and puffery and properly dismissed. Neither party has objected to these findings.

The magistrate judge did not err in finding the named plaintiffs have standing only as to the BPO products they purchased.[2] The Court has found as much in a separate case on similar facts. *See McCoy v. McCormick & Co., Inc.*, 2026 WL 1012481, at *1 (E.D. Cal. Apr. 14, 2026). ("The Court also agrees with the magistrate judge that plaintiff has not made allegations that could show he has standing to pursue claims about other types of mustard that he did not purchase."). Plaintiff has not objected.

The magistrate judge did not err in declining discretionary stay or referral to the FDA under the primary jurisdiction doctrine. Defendant's objections lack merit. The core claims asserted in the amended complaint relate to monograph compliance under parallel state law. *See e.g., Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024) (the courts have "special competence" in resolving statutory ambiguities). For example, defendant has not shown FDA rulemaking in the wake of the Valisure Petition is necessary or even implicated under the amended complaint. Notably, the FDA already has interpreted the monograph including through

---

[1] The Court has not reviewed de novo issues of parallelism. 28 U.S.C. § 636(b)(1)(C). The magistrate judge observed defendant's failure to "dispute parallelism," allowing that issue could be raised in a later dispositive motion. (Doc. 69 at 27). Defendant did not object or respond. (Doc. 70).

[2] Although defendant has not grounded its request for dismissal of these claims in Rule 12(b)(1), the Court can and must consider the issue *sua sponte*. *See Nevada v. Bank of Am. Corp*., 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that "a court may raise the question of subject matter jurisdiction, *sua sponte,* at any time during the pendency of the action, even on appeal.").

its benzene alerts and warnings to manufacturers and in relation to the 2025 voluntary recall of defendant's BPO products. Moreover, plaintiffs oppose any request in the nature of stay in abeyance of FDA action. (Doc. 71 at 16-17). Defendant has not demonstrated this case would benefit from FDA involvement, over and above its actions to date, or that FDA involvement would be timely and provide relative efficiencies.

Finally, defendant's post-objection supplemental authority, *In re L'Oréal USA Benzoyl Peroxide Products Litigation*, 2026 WL 2719653 (S.D.N.Y. Sept. 15, 2026), is non-binding and in any event, is not a basis to depart from the instant findings and recommendations. *L'Oréal's* determination that the FDA considered and resolved BPO related benzene risk through the monograph and GRASE findings is belied by the FDA's subsequent benzene alerts and warnings, the independent testing of plaintiff Giarrizzo's BPO product which showed 176.48 ppm of benzene within the labelled expiration date, and the benzene-related 2025 voluntary recall of defendant's BPO products. Also, the *L'Oréal* Court's rejection of the theory that benzene is a residual solvent for purposes of USP Chapter (467) did not consider BPO degradation as a potential solvent source, a matter discussed in detail by the magistrate judge.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, the Court ORDERS:

1. The findings and recommendations (Doc. 69) filed August 13, 2026, are ADOPTED in full.

2. The Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss the amended class action complaint (Doc. 46-2) as follows:

   a. Defendant's motion to dismiss claims relating to Walgreens' BPO product line other than Walgreens Maximum Strength Acne Foaming Wash, Walgreens Daily Creamy Benzoyl Peroxide Acne Face Wash, Walgreens Maximum Strength Walgreens Tinted Acne Treatment Cream, and Walgreens Maximum Strength Acne Gel – is GRANTED WITHOUT

PREJUDICE.

b. Defendant's motion to dismiss claims relating to the label "Walgreens Pharmacist Recommended" is GRANTED WITH PREJUDICE

c. Defendant's motion to dismiss is otherwise DENIED.

IT IS SO ORDERED.

Dated: _September 29, 2026_

UNITED STATES DISTRICT JUDGE